**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4656

ROGER LEE MCKENZIE, a/k/a Roger
Lee Picklesimer,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-96-166)

Submitted: April 29, 1998

Decided: May 15, 1998

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

George A. Mills, III, Huntington, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Ray M. Shepard, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roger Lee McKenzie pled guilty to conspiracy to possess with intent to distribute cocaine, marijuana, and lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 846 (1994). He appeals the 286-month career offender sentence he received, see USSG § 4B1.1,* contending that his guilty plea was involuntary, that the district court should have departed downward under USSG § 4A1.3, p.s., because his prior state drug convictions involved small amounts of marijuana, and that he received ineffective assistance of counsel during his guilty plea and sentencing. We affirm in part and dismiss in part.

McKenzie alleges that his guilty plea was not knowing and voluntary because his attorney misled him about the length of the sentence he would receive. However, McKenzie was informed by the district court at the guilty plea hearing that his plea exposed him to a possible life sentence. The district court was not required to determine and inform him what the applicable guideline range would be before accepting his guilty plea. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). Therefore, the plea was knowing and voluntary. We lack jurisdiction to review the district court's decision not to depart under USSG § 4A1.3. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). Finally, a claim of ineffective assistance of counsel is not properly raised on direct appeal unless the record conclusively discloses that defense counsel's performance was constitutionally deficient. See United States v. Smith , 62 F.3d 641, 651 (4th Cir. 1995). As this is not such as case, McKenzie should raise any claim of ineffective assistance in a motion to vacate pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998).

Accordingly, we affirm the sentence imposed. We dismiss that por-

_____

*U.S. Sentencing Guidelines Manual (1995).

2

tion of the appeal which challenges the district court's failure to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART

3